UNITED STATES of America,
Plaintiff–Appellee,

v.

Eddie D. JETER, Defendant–Appellant.

Nos. 98–5801, 98–5802, 98–5814, 98–5816,
98–5817, 98–5820, 98–5880, 98–5881.

United States Court of Appeals,
Sixth Circuit.

Submitted June 9, 1999

Decided Oct. 18, 1999

Carroll L. André III, Assistant U.S. Attorney (briefed), Office of the U.S. Attorney, Memphis, Tennessee, for Plaintiff–Appellee.

William F. Travis (briefed), Travis Law Office, Southaven, Mississippi, for Defendant–Appellant.

Before: KEITH, KENNEDY, and GILMAN, Circuit Judges.

AMENDED OPINION

KENNEDY, Circuit Judge.

Eddie D. Jeter appeals from the sentence he received after pleading guilty to

various federal offenses.[1] He argues that the district court erred in denying him a three-level sentence reduction for acceptance of responsibility. For the reasons set forth below, we VACATE the decision of the district court.

## I. BACKGROUND

On November 13, 1997, a grand jury in the Western District of Tennessee returned eight separate indictments against Jeter. The charges against him in the various indictments included conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371, bank fraud in violation of 18 U.S.C. § 1344, fraudulent use of a Social Security number for the purpose of obtaining bank loans and other forms of credit in violation of 42 U.S.C. § 408(a)(7)(B), fraudulent receipt of Social Security benefits in violation of 42 U.S.C. § 408(a)(4), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Pursuant to identical written plea agreements, Jeter pled guilty to at least one count of each indictment on February 24, 1998. Included in the agreements was the government's promise not to oppose Jeter's request for a three-level sentence reduction for acceptance of responsibility pursuant to § 3E1.1 of the United States Sentencing Guidelines (the "U.S.S.G.").

The Probation Office's Presentence Investigation Report calculated Jeter's adjusted offense level at 25, with a Criminal History Category of I and a sentencing range of 57 to 71 months. A reduction for acceptance of responsibility was not recommended in the report. The report based its denial upon the fact that Jeter, after being arrested on June 21, 1996 on state charges for fraudulent loan transactions and indicted on those state charges in October of that year, engaged in similar conduct on at least three subsequent occasions. Jeter objected to the report's failure to recommend this reduction. Although he admits that he continued to engage in similar criminal conduct after his arrest and indictment on the state charges, Jeter contended he should be awarded a three-level sentence reduction for acceptance of responsibility based on his 1998 federal guilty pleas and his subsequent cooperation with the government.

Despite the government's lack of opposition, the district court accepted the report's recommendation and refused to award Jeter a reduction for acceptance of responsibility. It sentenced Jeter to serve a total of 60 months of imprisonment, five years of supervised release, and ordered him to pay restitution in the amount of $345,225.54. The only issue raised by Jeter on appeal is the district court's refusal to award him a three-level sentence reduction for acceptance of responsibility.

## II. ANALYSIS

### A. Standard of review

■ Application Note 5 to U.S.S.G. § 3E1.1 explains that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility[,]" and the sentencing judge's determination is therefore "entitled to great deference on review." Generally, the district court's conclusion that a defendant is not entitled to an adjustment for acceptance of responsibility is considered a question of fact that " 'normally enjoys the protection of the clearly erroneous standard, and will not be overturned unless it is without foundation.' " *United States v. Childers*, 86 F.3d 562, 563 (6th Cir.1996) (quoting *United States v. Morrison*, 983 F.2d 730, 732 (6th Cir.1993)). We engage in a de novo review, however, when, as in the instant case, "the only issue presented is the propriety of the application of the adjustment to uncontested facts, as this presents a question of law." *Childers*, 86 F.3d at 563.

### B. U.S.S.G. § 3E1.1

---

1. This case is the subject of an earlier opinion decided by a divided panel. *See United States v. Jeter*, 183 F.3d 480 (6th Cir.1999). Upon a petition for rehearing, the panel is persuaded that the earlier opinion should be withdrawn and this opinion substituted.

■ This case presents a new challenge for this court in that we must determine the appropriate application of § 3E1.1 and its Commentary to the unique facts of this case. § 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for a two or three level reduction in a defendant's sentence if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The Commentary to § 3E1.1 provides:

> Entry of a plea of guilty prior to the commencement of the trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 ... will constitute significant evidence of acceptance of responsibility for the purposes of subsection(a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

U.S.S.G. § 3E1.1, app. note 3. Our case law interpreting this provision has granted the district courts leeway when making determinations under this sentencing guideline. *See United States v. Bennett*, 170 F.3d 632 (6th Cir.1999); *United States v. Childers*, 86 F.3d 562 (6th Cir.1996).

Application Note 1 to § 3E1.1 lists eight factors that a district court may consider in determining the appropriateness of an adjustment. Among the pertinent considerations are "truthfully admitting the conduct comprising the offense(s) of conviction," "voluntary termination or withdrawal from criminal conduct or associations," and "the timeliness of the defendant's conduct manifesting the acceptance of responsibility." U.S.S.G. § 3E1.1, app. note 1(a), (b), & (h).

The defendant is entitled to an additional one-level decrease if (1) he qualifies for the two-level decrease, (2) prior to that decrease his offense level is Level 16 or greater, and (3) he "assisted authorities in the investigation or prosecution of his own misconduct by ..." either "timely providing complete information to the government concerning his own involvement in the offense" or "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently[.]" U.S.S.G. § 3E1.1(b).

Both the Presentence Investigation Report and the district court cited *United States v. Childers*, 86 F.3d 562 (6th Cir. 1996), in support of their conclusion that Jeter's continuing engagement in fraudulent loan transactions after he was arrested on similar state charges in June of 1996 and indicted in October of that year precluded a finding that he had "clearly demonstrate[d] acceptance of responsibility." In *Childers*, this court stated as follows:

> It is well-established that the "voluntary termination or withdrawal" factor means that criminal conduct that continues following an acceptance of responsibility, especially when the conduct is of the same type as or related to the underlying offense, is a significant consideration that will, in almost every instance, make a downward adjustment inappropriate.

*Id.* at 563–64 (emphasis added). In light of Jeter's repeated criminal activity following his arrest and indictment on similar state charges, the district court reasoned that *Childers* was instructive because Jeter "did not voluntarily terminate or withdraw from criminal conduct after he was aware of—even after he was aware of the fact that his conduct was by some, at least, in part detected."

■ Jeter argues that his case is distinguishable from *Childers* because he did not continue to engage in criminal conduct once he pled guilty to the federal charges. We agree, and find that the district court may not use Jeter's preindictment state crimes as a basis for denying him a reduction for acceptance of responsibility on the federal charges. We believe that the defendant must be on notice that the federal

government has an interest in his or her affairs before § 3E1.1 comes into play. Although we believe that district courts have discretion in determining the time period for acceptance of responsibility, we do not believe they have unbridled discretion. Allowing a district court to deny a sentencing reduction for acceptance of responsibility solely because he committed the federal crimes after his arrest and indictment on state crimes would place any defendant who has a prior record of similar crimes at risk of having the district court deny a reduction for acceptance of responsibility, even though the defendant has pled guilty early in the proceedings and cooperated with the government throughout the federal investigation. Such an approach could deter defendants from pleading guilty and encourage them to take their cases to trial, a position contrary to the underlying purpose of reducing unnecessary trials and conserving resources. See *Corbitt v. New Jersey*, 439 U.S. 212, 222–23, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978) (plea bargaining system is mutually beneficial to the defendant and the government); *Brady v. United States*, 397 U.S. 742, 753, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (affirming the validity of benefitting a defendant who accepts responsibility by entering a guilty plea). Although district courts need a great deal of discretion when making sentencing determinations, we must require of district courts a level of consistency in sentencing defendants. If we permit different judges to disregard the guidelines and accept various events as triggering the critical date for evaluating acceptance of responsibility, we will not achieve this level of consistency.

Our analysis of this case is not inconsistent with the other decisions of this Circuit concerning the appropriate application of § 3E1.1. In *Childers*, postal inspectors questioned the defendant because they suspected him of stealing mail from collection boxes on at least four occasions. At the time the federal authorities first questioned the defendant about the thefts, he told the inspectors that he was sorry for his actions and was willing to make restitution. 86 F.3d at 563. After his confession, but before the initiation of any federal charges, the defendant was arrested and convicted of several similar state charges. *Id.* He later pled guilty to the federal charges and, at sentencing, the district court refused to give him a reduction for acceptance of responsibility because he had committed the state crimes after confessing to the postal inspectors. We held that in denying a reduction for acceptance of responsibility, the district court could consider defendant's continuing course of criminal conduct as "illuminating the sincerity, or lack thereof, of the defendant's claimed acceptance of responsibility." *Id.* at 564. Proved insincere when the crime was being investigated, the judge could find defendant's later claim of acceptance of responsibility equally insincere. *Id.*

In *Bennett*, the defendant did not plead guilty, but proceeded to trial. After conviction, he sought a reduction based not on acceptance of responsibility by a guilty plea but on voluntary termination or withdrawal. 170 F.3d at 640; *see also* U.S.S.G. § 3E1.1, app. note 1(b). Because he had been committing similar state offenses after his arrest on federal charges but before his trial on those charges, the district court denied him a reduction for withdrawal from criminal activity. 170 F.3d at 640–41. We similarly rejected the defendant's argument that his federal trial should be the date from which to calculate his voluntary acceptance or withdrawal from criminal activity. *Id.* at 641. Instead, we determined that "the district court is not bound to accept what the defendant declares is the appropriate date of acceptance of responsibility." *Id.* We did not, however, further define when an acceptance of responsibility must occur to be rightfully accepted or rejected. Because the defendant went to trial, the court did not have the circumstance of a guilty plea as substantial evidence of acceptance of

responsibility which we have before us in the present case.

Both *Childers* and *Bennett* concerned defendants who committed state offenses after their arrest or interrogation on federal charges. Unlike Jeter, *Childers* and *Bennett* were put on notice that they faced federal charges or were under suspicion by the federal government for their illegal activity prior to committing the state crimes. Jeter was indicted by Tennessee in October, 1996, on state charges and then continued to engage in similar fraudulent conduct on three occasions in November and December of 1996. There is no indication that Jeter had any knowledge that he would be federally prosecuted until the federal government issued an indictment on November 13, 1997. Accordingly, we hold that the relevant time period for an acceptance of responsibility cannot begin until November 13, 1997, the date that federal authorities indicted Jeter and he became aware that he was subject to federal investigation and prosecution. Had Jeter confessed to federal authorities prior to the indictment or responded in some way to investigators to indicate his remorse or cessation of criminal activity like the defendant in *Childers*, the district court would be free to use that conduct to question the sincerity of his later acceptance of responsibility. Here, however, there is no conduct that impeaches defendant's acceptance of responsibility.

Despite our hesitance to adopt a bright-line rule in the case of a guilty plea, we require that there be some conduct that the court can find is inconsistent with that specific acceptance of responsibility referred to in the Commentary, namely the acceptance of the guilty plea. To be denied an acceptance of responsibility reduction for similar crimes committed before federal indictment without some specific finding that the crimes are inconsistent with that acceptance of responsibility is contrary to the Commentary, which favors a guilty plea as "significant evidence" of acceptance of responsibility un-

less defendant's inconsistent conduct outweighs that acceptance. U.S.S.G. § 3E1.1, app. note 3. It seems to us that to extend the denial of acceptance of responsibility reduction to similar criminal conduct before the defendant has been arrested on federal charges is to penalize the defendant for a criminal disposition, not because he has not accepted responsibility to the federally charged conduct.

For the stated reasons, the sentence of the district court is VACATED and the case is REMANDED for resentencing.