**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patrick HOLLAND, Defendant–Appellant.**

No. 99–6120.

United States Court of Appeals, Sixth Circuit.

Jan. 3, 2001.

Before NELSON, SILER, and CLAY, Circuit Judges.

PER CURIAM.

Defendant Patrick Holland appeals his sentence after a guilty plea to several drug counts and one gun count. The district court sentenced him to 240 months imprisonment, holding that he did not qualify for an acceptance of responsibility adjustment under USSG § 3E1.1. Holland appeals the district court's denial of a § 3E1.1 adjustment. We vacate Holland's sentence and remand the case for resentencing.

## I. BACKGROUND

In April 1998, Holland was indicted on five counts. Counts 1 through 4, all charges of possession with the intent to distribute drugs under 21 U.S.C. § 841(a)(1), arose from June 1997 and April 1998 searches. Count 5, the charge of felon in possession of a gun under 18 U.S.C. § 922(g), arose from the 1998 search. In April 1999, Holland changed an

initial not guilty plea to a guilty plea on all counts.

The district court sentenced Holland according to recommendations contained in his Presentence Investigation Report. It set Holland's total offense level at 38 and his criminal history category at IV, yielding an imprisonment range of 324 to 405 months. Holland was then granted a downward departure for substantial assistance under USSG § 5K1.1, but he was denied an offense-level reduction for acceptance of responsibility under USSG § 3E1.1. The district court stated that Holland did not qualify for it because he continued to undertake criminal activity after an initial acceptance of responsibility during a February 1997 encounter at the Memphis International Airport. At the airport, Holland cooperated with Task Force Officers when they stopped him and a friend on drug suspicions. As a result of his encounter with the officers, Holland was issued a misdemeanor citation for possession of heroin.

## II. STANDARD OF REVIEW

This court ordinarily reviews a trial court's conclusion that a defendant is not entitled to a sentence reduction for acceptance of responsibility, generally a factual question, under the clearly erroneous standard. *See United States v. Tilford*, 224 F.3d 865, 867 (6th Cir.2000). But where, "as here, the only issue presented is the propriety of the application of the adjustment to uncontested facts," a question of law, this court applies de novo review to a trial court's acceptance of responsibility determination. *See United States v. Childers*, 86 F.3d 562, 563 (6th Cir.1996).

## III. DISCUSSION

■ USSG § 3E1.1 provides for a two or a three-level reduction in a defendant's offense level where the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). The Commentary to § 3E1.1 details the factors that a court should consider when determining whether or not a defendant has accepted responsibility. One of those factors is "entry of a guilty plea." USSG § 3E1.1, app. note 3. But a defendant is not entitled to an adjustment as a matter of right. "[H]e might not receive the reduction if his outward manifestation of acceptance of responsibility is outweighed by other inconsistent conduct." *United States v. Tilford*, 224 F.3d 865, 867 (6th Cir.2000). District courts are granted leeway in determining the date upon which acceptance of responsibility attaches, *see United States v. Bennett*, 170 F.3d 632 (6th Cir.1999), but they do not have "unbridled discretion" when making that determination. *United States v. Jeter*, 191 F.3d 637, 641 (6th Cir.1999).

In concluding not to give Holland a § 3E1.1 reduction, the district court relied upon a principle established by this court's 1996 decision in *Childers*, 86 F.3d at 564. In *Childers*, we held that the district court could deny a reduction under § 3E1.1 because the defendant engaged in additional criminal conduct, state crimes, after his confession to federal postal inspectors but before his federal arrest. "[C]riminal conduct that continues following an acceptance of responsibility [the initial confession to postal inspectors], especially when the conduct is of the same type as or related to the underlying offense, is a significant consideration that will, in almost every instance, make a downward adjustment inappropriate." *Id.*

■ After Holland's sentencing, we clarified *Childers* in *Jeter*, 191 F.3d at 637, and *Tilford*, 224 F.3d 865. Declaring that a defendant must know that the "federal government has an interest in his affairs"

before *Childers* applies. *Tilford,* 224 F.3d at 868, we held that a district court may not use a defendant's pre-indictment state crimes as a basis for denying him an offense-level reduction under § 3E1.1, where that defendant had no pre-indictment notice of federal government interest in his activities. *See Jeter,* 191 F.3d at 638–39; *Tilford,* 224 F.3d at 868. To deny a § 3E1.1 reduction because of continuing criminal activity, we " 'require that there be some conduct that the court can find is inconsistent with that specific acceptance of responsibility referred to in the Commentary, namely the acceptance of the guilty plea.' " *Tilford,* 224 F.3d at 868 (quoting *Jeter,* 191 F.3d at 641). "Otherwise, 'to extend the denial of acceptance of responsibility reduction to similar criminal conduct before the defendant has been arrested on federal charges is to penalize the defendant for a criminal disposition, not because he has not accepted responsibility to the federally charged conduct.' " *Id.*

In light of *Jeter* and *Tilford,* it is unclear whether Holland could properly be denied a § 3E1.1 adjustment on the strength of his encounter at the Memphis airport in 1997. Holland's encounter at the airport may not have put him on notice that the federal government had an interest in his subsequent drug activities. We do not know whether any of the officers that he encountered were federal officers or, if they were, whether they identified themselves to Holland as such.

Because the 1997 airport encounter may not have made Holland aware of a federal government interest in the subsequent crimes to which he pleaded guilty, the district court should make a factual determination with respect to this issue and reexamine the calculation of Holland's guideline range in light of that determination. Upon remand, the district court is not prevented from reconsidering the mag-

nitude of the § 5K1.1 substantial assistance departure already granted.

Accordingly, we VACATE Holland's sentence and REMAND the case for resentencing.