**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martilus PATTON;  Courtney Triggs,**
**Defendants–Appellants.**

Nos. 99–6436, 99–6537.

United States Court of Appeals,
Sixth Circuit.

July 5, 2001.

Before RYAN and COLE, Circuit Judges;  and MARBLEY, District Judge.*

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

OPINION

COLE, Circuit Judge.

Defendants–Appellants Martilus Patton and Courtney Triggs appeal from their sentences for federal armed robbery and firearms violations. Patton challenges the district court's failure to grant him an acceptance-of-responsibility sentencing reduction, arguing that the district court's application of an obstruction-of-justice enhancement did not, as the district court found, preclude a simultaneous acceptance-of-responsibility reduction, because his case is an "extraordinary case" within the meaning of § 3E1.1 of the United States Sentencing Guidelines ("Guidelines"). The Government concedes that Patton's case should be remanded for resentencing because the district court, in refusing to grant Patton an acceptance-of-responsibility reduction, failed to consider only that portion of Patton's conduct that occurred after he was put on notice of a federal interest in his case, as required by our decision in *United States v. Jeter*, 191 F.3d 637 (6th Cir.1999). We therefore VACATE Patton's sentence and REMAND his case for resentencing in accordance with *Jeter*.

Triggs assigns error to: (1) the district court's sentencing enhancement for his abduction of a customer during the commission of a robbery; (2) the district court's determination that Triggs was required to serve his federal sentence consecutive to the sentence stemming from his state parole violation; and (3) the district court's refusal to sentence him as a minor participant in the criminal enterprise. All of Triggs's claims lack merit, and accordingly, we AFFIRM the district court's disposition of his case in its entirety.

## I. BACKGROUND

On the afternoon of January 15, 1999, armed gunmen Martilus Patton, Lafayette Howard, and Mark Crawford entered the First Tennessee Bank in Memphis, Tennessee, whereupon they ordered the bank's customers to lie face down on the floor and its employees to turn over all available funds to them. Howard jumped the teller counter and collected the money, after which he and the other gunmen fled the bank. Before exiting the bank, the gunmen took a customer hostage; once outside and some distance from the bank, however, they released the hostage and fled in a getaway car driven by Courtney Triggs. An observer outside the bank witnessed their escape, called law enforcement authorities, and provided them with a description of the getaway car. Upon locating the car, officers gave chase. The car stopped and its four occupants jumped out and attempted to escape. Crawford and Patton were apprehended on the scene. Howard and Triggs evaded immediate capture but were apprehended shortly thereafter. The defendants were advised of their rights and escorted to a secure detainment room for questioning. While awaiting interrogation, Patton removed one of the ceiling tiles and attempted to escape by crawling through the ceiling to safety. He was apprehended without incident when an officer observed his foot hanging from the ceiling.

A federal grand jury in the Western District of Tennessee named Patton, Triggs, Crawford, and Howard in a seven-count indictment on February 25, 1999. The indictment charged Patton and Triggs with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count One); confining a victim during a bank robbery, in violation of 18 U.S.C. § 2113(e) (Count Two); carrying and using a firearm during and in relation to a bank robbery, in violation of 18 U.S.C. § 922(j) (Count Three); and possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count Four). Triggs was also charged with possessing a

firearm after a prior felony conviction, in violation of 18 U.S.C. § 922(g).

On July 19, 1999, Patton entered a plea of guilty to Counts One, Two, and Three. The district court concluded that Patton's prior attempted escape on January 15, 1999, while awaiting questioning provided a sufficient basis for an obstruction-of-justice enhancement. In light of the obstruction enhancement, the district court found that Patton was precluded from receiving an acceptance-of-responsibility reduction. A nineteen-year imprisonment term resulted. On the subsequent motion of the Government, the district court granted a downward departure for Patton's substantial assistance in the Government's investigation and prosecution of this case and sentenced him to fourteen years' imprisonment.

Triggs pleaded guilty to Counts One and Three of the indictment on July 21, 1999. At sentencing, the district court applied a four-level enhancement pursuant to § 2B3.1(b)(4)(A) of the Guidelines because a person was abducted during the commission of the offense. It also refused to apply a minor-participant sentencing reduction. The district court did, however, grant the Government's motion for a downward departure and sentenced Triggs to 194 months' imprisonment.

## II. DISCUSSION

### A. Acceptance of Responsibility

■ A defendant who clearly demonstrates an acceptance of responsibility for his offense may be entitled to a two or three-level reduction in his offense level. *See* U.S.S.G. § 3E1.1. Although conduct that results in a § 3C1.1 obstruction enhancement, as Patton's in the present case, generally indicates that the defendant has not accepted responsibility for his criminal conduct, there may be extraordinary cases in which adjustments under both § 3C1.1 and § 3E1.1 are appropriate. *See* U.S.

SENTENCING GUIDELINES MANUAL § 3E1.1, cmt. 4 (1998).

Patton concedes that the district court's application of an obstruction enhancement for his attempted escape was appropriate, but argues that his is an extraordinary case and that the district court's refusal to grant him an acceptance-of-responsibility reduction was error. In support of his argument, he points to the fact that all of his actions evidencing such an acceptance occurred *after* his attempted escape from the detention facility: "[s]ince his arrest, [he] has confessed, truthfully admitted the offenses of conviction and applicable relevant conduct, waived his detention hearing, promptly negotiated and entered a guilty plea, admitted his conduct in open court at the change of plea hearing and made a voluntary statement regarding his involvement to [a probation officer]."

We review for clear error a district court's factual determination of whether a defendant has accepted responsibility for his crime. *See United States v. Robinson*, 152 F.3d 507, 512 (6th Cir.1998). A district court's determination that a defendant's case is an "extraordinary case" permitting a § 3C1.1 enhancement and a § 3E1.1 reduction, however, is a question of law that we review de novo. *See United States v. Harper*, 246 F.3d 520, 525 (6th Cir.2001). A defendant seeking an acceptance-of-responsibility reduction must prove facts entitling him to such a reduction by a preponderance of the evidence. *See United States v. Tucker*, 925 F.2d 990, 991 (6th Cir.1991). Because, however, "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . ., the determination of the sentencing judge is entitled to great deference on review," U.S.S.G. § 3E1.1, cmt. 5.

We identify extraordinary cases by conducting a fact-based inquiry referring to

§ 3E1.1's application notes for guidance. *See Robinson*, 152 F.3d at 512–13. Appropriate considerations for determining whether a reduction is warranted include the defendant's truthful admission of the offense conduct, the defendant's voluntary assistance to authorities in recovering the fruits and instrumentalities of the offense, and the timeliness of the defendant's conduct in affirmatively accepting responsibility for his actions. *See* U.S.S.G. § 3E1.1, cmt. 1. Our recent cases have emphasized that a district court, in determining whether such a reduction is appropriate, may consider only a defendant's conduct occurring after he is placed on notice "that the federal government has an interest in his or her affairs." *United States v. Jeter*, 191 F.3d 637, 639–40 (6th Cir.1999). That is, only when a defendant is aware that his conduct may subject him to federal prosecution may his conduct properly be considered by a district court in evaluating his eligibility for such a reduction. *See United States. v. Harper*, 246 F.3d 520, 526–27 (6th Cir.2001) (holding that the district court properly evaluated only defendants' post-indictment conduct for purposes of determining the applicability of a § 3E1.1 adjustment); *United States v. Tilford*, 224 F.3d 865, 868 (6th Cir.2000) (concluding that only a defendant's post-plea conduct could properly be considered in making this determination).

At oral argument, Patton contended, and the Government conceded, that the district court in refusing Patton's request for an acceptance-of-responsibility reduction, improperly considered conduct that occurred before Patton was aware that he was the subject of a federal investigation. In light of the Government's concession, we are persuaded that we should vacate Patton's sentence and remand this case for resentencing in light of our holdings in *Jeter, Tilford,* and *Harper*.

**B. Abduction Enhancement**

■ Triggs argued before the district court, as he does now, that the district court erred by applying a four-level enhancement for his co-defendant's abduction of a bank customer during the course of the robbery, because he neither "aided or encouraged" such behavior nor, as the getaway driver, was even aware of his co-defendant's abduction of the bank customer until after he had released her. The district court rejected Triggs's argument and concluded that the customer's abduction was foreseeable given the nature of the criminal activity that the Defendants had agreed to undertake. *See* J.A. at 110 ("[The kidnapping of the hostage] was simply a natural extension of what would be anticipated under the circumstances.").

We agree. Section 1B1.3 of the Guidelines provides that "in the case of jointly undertaken criminal activity," a defendant may be held criminally accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Application Note 2(b)(1), upon which the district court relied in determining that an abduction enhancement was appropriate, is illustrative of what activity warrants such an enhancement:

> Defendant C is the getaway driver in an armed bank robbery in which $15,000 is taken and a teller is assaulted and injured. Defendant C is accountable for the money taken under subsection (a)(1)(A) because he aided and abetted the act of taking the money (the taking of money was the specific objective of the offense he joined). Defendant C is accountable for the injury to the teller under (a)(1)(B) because the assault on the teller was in furtherance of the jointly undertaken criminal activity (the robbery) and was reasonably foreseeable in

connection with that criminal activity (given the nature of the offense).

U.S.S.G. § 1B1.3, cmt. 2(b)(1). Similarly, we recognize that while Triggs may not have intended for his co-defendants to take a hostage, he is nevertheless criminally accountable for the abduction, because it was in furtherance of the criminal conspiracy (to provide protection in the event the gunmen were approached by police) and was reasonably foreseeable given the inherently violent nature of an armed robbery offense. The district court's enhancement, therefore, was appropriate.

### C. Consecutive Sentencing

At the time that Triggs committed the instant offense, he was under state supervision for a 1994 aggravated robbery conviction for which he served forty months before his 1997 parole. Triggs's parole was scheduled to expire on December 11, 2002, but it was revoked on February 19, 1999, slightly more than a month after he was arrested for the instant offense. Although unclear from the record, it appears that it was revoked for his January 15, 1999, arrest for the instant offense.

Triggs suggests that he violated the terms of his probation *prior to* his commission of the instant offense, and that the district court disregarded U.S.S.G. § 5G1.3(c) by refusing to order his federal sentence to run concurrent with his remaining state time. The crux of his argument seems to be that because he had already violated the terms of his state probation at the time that he robbed the bank, he had already had his probation revoked, and thus was not within the purview of § 5G1.3(a), which requires that the defendant have committed a new offense while serving a term of imprisonment.[1] The dispositive issue before us then is whether Triggs's case is governed by § 5G1.3(a), as the Government asserts and as the district court found, or by § 5G1.3(c), as Triggs suggests. We review a district court's decision to impose a concurrent or a consecutive sentence for an abuse of discretion. *United States v. Covert*, 117 F.3d 940, 945 (6th Cir.1997).

A close examination of § 5G1.3's application notes suggests that the Government has the better of the argument:

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

U.S.S.G. § 5G1.3, cmt. 6. It is undisputed that Triggs committed the instant offense on January 15, 1999, and that he was on state probation until February 19, 1999. Thus, his argument that he violated the terms of his state probation *before* he was arrested for the offenses at issue in this case is simply unsupported by the record. His case therefore is squarely governed by § 5G1.3(a). Accordingly, the district court properly ordered his federal sentence to run consecutive to his state probation violation sentence.

---

1. Triggs argues in the alternative that parole is not a "term of imprisonment" covered by the language of § 5G1.3(a), as evidenced by the Guidelines' drafters intentional omission of any reference to parole in the language of the subsection; this omission suggests that the drafters did not contemplate that parole violations would be included among those violations for which a new offense would trigger the imposition of a consecutive sentence. This argument, however, is foreclosed by the plain language of U.S.S.G. § 5G1.3, cmt. 6, discussed *infra*.

## D. Minor Participant

■ Triggs submits that the district court erred by refusing his request for a minor-participant sentencing reduction. He contends that he was entitled to such a reduction because he was not made aware of his co-defendants' plans to rob the bank until the day of the offense, and because he "was not in the bank, did not have contact with the hostage involved, didn't have any money coming away from the bank, [and] didn't have a weapon on his person." In dismissing Triggs's argument, the district court observed:

> [T]he problem [with Triggs's argument] is that a get-away driver in a bank robbery is essential to the commission of the offense. You have got to have some mechanism for getting away or you're going to be a pretty unsuccessful bank robber. They were unsuccessful in any event, but this was an essential aspect of the offense and, of course, the probation officer pointed that out, and you're right, it is a—it is a situation that comes up often, and we're urged to say that a person is a minor participant or a person is a minimal participant, and my response on a lot of those has been there are a lot of people who are just participants, they're right there in the middle.

Triggs now urges us to reject the district court's finding that the conspiracy would not have been consummated if there had been no driver of the getaway car and its consequent conclusion that Triggs could not have been a minor participant in the conspiracy.

We review for clear error a district court's denial of a § 3B1.2 minor participant reduction. *See United States v. Miller,* 56 F.3d 719, 720 (6th Cir.1995). A defendant seeking the benefit of such a reduction must prove by a preponderance of the evidence mitigating factors justifying a reduction for being a minor participant in the criminal activity. *See id.* at 721. Only if the sentencing court concludes that the defendant was "substantially less culpable than the average participant in the criminal enterprise" is a minor-participant reduction appropriate. *Id.*

On the facts of this case, it is clear that the district court committed no error, as Triggs has failed to demonstrate that he was substantially less culpable than his co-defendants. While it may be true that Triggs learned of the planned criminal activity only a few hours before the robbery, he nevertheless participated as the getaway driver and provided an essential part of the conspiracy, i.e., a ready means of escape for his co-defendants who actually robbed the bank. *Cf. United States v. Lowery,* 60 F.3d 1199, 1202 (6th Cir.1995) (finding that a minor-participant reduction was unavailable for a getaway driver who failed to participate in the actual robbery of a bank, but nevertheless actively participated in the development of the criminal scheme).

## III. CONCLUSION

For the foregoing reasons, we VACATE the sentence of the district court as to Martilus Patton and REMAND his case for resentencing; and AFFIRM the judgment of the district court on all issues as to Courtney Triggs.