**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jimmy SMITH, Defendant–Appellant.**

No. 00–6028.

United States Court of Appeals,
Sixth Circuit.

Dec. 14, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

PER CURIAM.

Jimmy Smith appeals his sentence which he received after pleading guilty to interstate transportation of stolen property and aiding and abetting. He argues, among other things, that the district court erred in relying on conduct occurring prior to his indictment in denying him a sentence reduction for acceptance of responsibility. For the reasons set forth below, we AFFIRM Smith's sentence.

Between May and October, 1997, Smith committed eleven thefts of tractor-trailer rigs and their cargo. He was arrested on October 14. Shortly after Smith's arrest, Special Agent Young, an agent for the Federal Bureau of Investigation, explained to Smith that he was under investigation for violating federal laws for transporting stolen property and motor vehicles across state lines. Young requested that Smith cooperate with the government in its investigations as Smith had done in the past

---

* The Honorable Edmund A. Sargus Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

while working with Young. On October 15, Smith confessed to a state official to the eleven thefts he had committed and identified the individuals in Tennessee and Arkansas who had purchased the stolen property from him.

Eight days later, on October 23, Smith stole a truck, drove it to Arkansas and sold the tires and rims. He was arrested by state officials on November 11 and confessed to the theft. Smith was arrested twice more by state officials for similar criminal activity while he was released on bond.

On December 21, 1998, the Grand Jury for the Western District of Tennessee returned a seven count indictment against Smith. In April 1999, Smith entered a guilty plea pursuant to a plea agreement.

During sentencing, the district court determined that when Smith confessed on October 15, he knew he was under federal investigation. Nonetheless, Smith continued his criminal conduct. Consequently, the district court determined that Smith's confession was insincere and therefore denied him a sentence reduction pursuant to the acceptance of responsibility provision of the United States Sentencing Guidelines. U.S.S.G § 3E1.1.

Section 3E1.1 of the Sentencing Guidelines allows for a two or three level sentence reduction if the defendant "clearly demonstrates acceptance of responsibility for his offense." Note one to section 3E1.1 lists eight factors that a district court may consider in determining the appropriateness of an adjustment. Among the considerations are "truthfully admitting the conduct comprising the offense(s) of conviction," and "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1, app. note 1(a) & (b).

The issue presented is whether the state crimes that Smith committed after his confession to a state official, but prior to his federal indictment, can be used as a basis for denying him a sentence reduction for acceptance of responsibility.

We hold that state crimes that a defendant commits after his confession to a state official, but prior to his federal indictment, can be used as a basis for denying him an acceptance of responsibility reduction if the sentencing judge determines that the defendant knew he was under federal investigation at the time of his confession.

In *United States v. Jeter*, 191 F.3d 637, 638 (6th Cir.1999), the defendant committed state crimes prior to his federal indictment and confession. We held that Jeter's state crimes could not be used as a basis for denying him a sentence reduction for acceptance of responsibility on the federal charges because "the defendant must be on notice that the federal government has an interest in his or her affairs before § 3E1.1 comes into play." *Id.* at 639–640. Jeter became aware he was subject to federal investigation on the date of his federal indictment, so his previous state crimes could not be a basis to deny him an acceptance of responsibility reduction. Had Jeter, prior to his indictment, "responded in some way to investigators to indicate his remorse or cessation of criminal activity... the district court would be free to use that conduct to question the sincerity of his later acceptance of responsibility." *Id.* at 641.

In this case, the district court made the factual determination that Smith knew he was under federal investigation at the time of his confession. Therefore, the court was free to consider his subsequent criminal activity as a basis for denying him an acceptance of responsibility reduction.

For the stated reasons, Smith's sentence is AFFIRMED.