**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond ZIMMERMAN, Defendant–**
**Appellant.**

No. 01–3533.

United States Court of Appeals,
Sixth Circuit.

June 14, 2002.

Before MARTIN, Chief Circuit Judge;
KEITH and KENNEDY, Circuit Judges.

*ORDER*

Raymond Zimmerman appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In October 2000, Zimmerman pleaded guilty to conspiring to distribute and to possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. Zimmerman filed several objections to the presentence investigation report, and he also requested additional departures based on diminished capacity and an over-representation of his criminal history. The court overruled Zimmerman's objections and denied his requests for downward departures. The court also granted the government's USSG § 5K1.1 motion for a one-level reduction in Zimmerman's offense level, and sentenced him to 180 months of imprisonment plus five years of supervised release. Zimmerman has filed a timely appeal.

On appeal, Zimmerman's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issues for review: 1) whether the district court improperly enhanced Zimmerman's offense level for being a leader or organizer of the offense; 2) whether Zimmerman's Criminal History Category score over-represented his criminal history; 3) whether Zimmerman was entitled to more than the one-level departure granted by the district court under USSG § 5K1.1; 4) whether Zimmerman was entitled to an additional one-point reduction for acceptance of responsibility; and 5) whether Zimmerman was entitled to a downward departure based on diminished capacity.

Upon review, we conclude that the district court properly enhanced Zimmerman's offense level by four-points because the record reflects that he was a leader or organizer of a conspiracy involving five or more participants. *United States v. Anthony*, 280 F.3d 694, 698 (6th Cir.2002). The district court also properly denied Zimmerman an additional one-point reduction for acceptance of responsibility because Zimmerman did not timely provide information concerning his criminal activity, nor did he timely notify the prosecution of his intent to plead guilty. *United States v. Jeter*, 191 F.3d 637, 639 (6th Cir.1999).

Zimmerman's argument that he was entitled to additional downward departures is not reviewable because the district court was aware of its authority to depart downward, but did not consider this an appropriate case for the types of departures Zimmerman requested. *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998).

Likewise, Zimmerman cannot seek review of the district court's decision to grant him only a one-level reduction under USSG § 5K1.1. *See United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996).

In addition, we have reviewed the record and have discovered no error warranting reversal of Zimmerman's conviction or sentence. Zimmerman entered a valid guilty plea. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). During Zimmerman's plea hearing, the district court explained the rights that Zimmerman was waiving, determined that Zimmerman understood the indictment to which he was pleading guilty, explained the potential penalty associated with the guilty plea, and determined that no additional promises had been made to compel Zimmerman to plead guilty. In addition, Zimmerman acknowledged that he knowingly and voluntarily participated in the conspiracy.

Finally, the district court properly calculated Zimmerman's sentence. Zimmerman's total offense level was 33 and his Criminal History Category score was III. This resulted in a total guidelines imprisonment range of 168–210 months. Thus, Zimmerman's sentence of 180 months was within the applicable guidelines range

Accordingly, we grant counsel's motion to withdraw, and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.