**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bruce Allen LONG, Defendant–**
**Appellant.**

**No. 01–1423.**

United States Court of Appeals,
Sixth Circuit.

Oct. 1, 2002.

Before DAUGHTREY and CLAY, Circuit Judges; and WILLIAMS, Senior District Judge.*

WILLIAMS, Senior District Judge.

The appellant, Bruce Allen Long, appeals the sentence imposed by the district court in this criminal case. For the reasons set forth below, we AFFIRM the sentence.

## I. BACKGROUND

On October 5, 2000, a two-count indictment was issued against Long. Count One of the indictment charged Long with making a false statement on a Bureau of Alcohol, Tobacco and Firearms, ("ATF"), form in order to acquire a firearm in violation of 18 U.S.C §§ 922(a)(6) and 924(a)(2). Count Two of the indictment charged Long with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (J.A. at 6.) This count of the indictment charged that Long possessed two firearms, a .45 caliber pistol and a Chinese SKS 7.82 39 mm rifle. (J.A. at 7.)

On December 4, 2000, Long, pursuant to a written plea agreement with the government, pleaded guilty to Count One of the indictment. In exchange for Long's guilty

---

* The Honorable Glen M. Williams, Senior United States District Judge for the Western District of Virginia, sitting by designation.

plea to Count One, the government agreed to dismiss Count Two of the indictment. The government also agreed not to oppose a reduction in Long's offense level for acceptance of responsibility pursuant to United States Sentencing Guidelines, ("U.S.S.G.") § 3E1.1. (J.A. at 21–23.) The government further agreed not to oppose a reduction in Long's offense level for possession of firearms for sporting or collection purposes, pursuant to U.S.S.G. § 2K2.1(b)(2). (J.A. at 21–23.)

A Presentence Report, ("PSR"), was prepared prior to Long's sentencing, and it set forth the following facts. Long had been convicted of a felony for conspiracy to manufacture and transport explosives in 1985 in the U.S. District Court for the Western District of Tennessee.

On August 25, 1999, a search of Long's residence executed by ATF agents revealed 13 firearms, including the two firearms listed in Count Two of the indictment. In addition, ATF agents also seized 66 military pyrotechnic devices, one commercial pyrotechnic device and approximately 9,793 rounds of ammunition, 220 rounds of which were armor piercing. (J.A. at 67.) Also, many individuals had admitted that Long had bought explosive devices, such as magnesium, barber pole explosives, flash powder devices, 37 mm and 12 gauge pest control devices, bird bombs, long squibs and fuses, from them. (J.A. at 66.) Long claimed that some of the firearms found in his residence belonged to members of his family, and the ATF confirmed that nine of the firearms did belong to others. Long also claimed that he had purchased the firearms for hunting deer and small game, but he admitted that he had not hunted in two years. (J.A. at 69.) Furthermore, Long claimed that he had unknowingly violated the felon in possession statute in that he previously had received a legal opinion

from a Michigan attorney stating that he could possess a firearm even though he was a convicted felon. (J.A. at 69.)

The PSR found that Long had provided complete information, and it recommended that Long receive a two-level reduction in his offense level for acceptance of responsibility. (J.A. at 69.) The PSR made no recommendation, either for or against, a reduction for possession of a firearm for sporting or collection purposes pursuant to U.S.S.G. § 2K2.1(b)(2). (J.A. at 77.) The PSR calculated Long's adjusted offense level at 13. (J.A. at 70,71.) Furthermore, the PSR found Long's criminal history category was I. Neither the government nor Long objected to any of the facts contained in the PSR or to the calculation of the Long's adjusted offense level.

On March 7, 2001, a sentencing hearing was held. At that hearing, the district court denied a reduction for acceptance of responsibility and denied the reduction for possession of firearms for sporting purposes. The court based these rulings on its finding that Long had lied about the reasons why he possessed the weapons and about believing that he was allowed to own a weapon. (J.A. at 53–56.) The court explained that it found Long's claim that he owned a Chinese SKS rifle for hunting purposes "incredible" because of the rate of fire of such weapon and its maximum effective range, both of which make it unsuitable for hunting. (J.A. at 54–56.) The court also noted that the armor piercing bullets found in the defendant's possession indicated that the weapons were not for hunting. Due to these findings and evidence that the defendant had received and signed a notification informing him of revocation of his right to possess a firearm after been convicted of a felony in 1986, the district court applied the two-level obstruction of justice enhancement found at U.S.S.G. § 3C1.1. (J.A. at 57–58.) Based

on this, the court found Long's adjusted offense level to be 17 and imposed a sentence of 30 months' imprisonment. (J.A. at 57–58.) On March 12, 2001, the defendant filed a timely notice of appeal. (J.A. at 19.)

On July 30, 2001, Long filed a motion to supplement the record on appeal with an affidavit and letter from Neil L. Kimball, a Michigan attorney, supporting Long's claims that he had received a legal opinion in 1996 stating that he could legally possess firearms. (J.A. at 26–37.) The district court denied the motion. Subsequently, Long filed a motion to supplement the record with this court. That motion is currently before the court.

## II. ANALYSIS

The standard of review for factual findings made by a district court at sentencing is clear error. *United States v. Jeter*, 191 F.3d 637, 638 (6th Cir.1999). This standard of review applies to a district court's finding that a defendant is not entitled to a reduction in his offense level for acceptance of responsibility. *See United States v. Corrigan*, 128 F.3d 330, 336 (6th Cir. 1997). While the legal issue of whether a certain set of facts rises to the level of an obstruction of justice is reviewed on a de novo basis, a district court's factual findings, which are the basis for applying such an enhancement, are reviewed for clear error. *United States v. McDonald*, 165 F.3d 1032 (6th Cir.1999). Furthermore, the issue of whether a defendant possessed a firearm for sporting purposes and, therefore, would be entitled to a reduction in his offense level, is a question of fact. *United States v. Morrison*, 983 F.2d 730, 733 (6th Cir.1993.) Thus, a district court's finding on this issue also is reviewed for clear error. *Morrison*, 983 F.2d at 733.

In this case, the defendant alleges that the district court erred in calculating his adjusted offense level under the Sentencing Guidelines. In particular, the defendant argues that the district court erred in failing to apply a two-point reduction in his offense level for acceptance of responsibility and a two-point reduction for possession of a firearm for sporting purposes. The defendant also argues that the district court erred in applying a two-point enhancement in his offense level for obstruction of justice. The defendant further argues that the district court erred in rejecting the recommendations contained in the PSR without giving the defendant notice in advance of the sentencing hearing. Finding no error, we affirm.

The specific issue of whether a district court is required to notify a defendant in advance of its intention to depart from a recommendation contained in a PSR that the defendant receive a reduction in offense level for acceptance of responsibility was considered by this court in *United States v. Patrick*, 988 F.2d 641 (6th Cir. 1993). In *Patrick*, this court held that a district court is not required to notify a defendant in advance of his sentencing hearing of its intent to disregard the probation officer's recommendation on this issue. *See Patrick*, 988 F.2d at 645. The court in *Patrick* noted that the Sentencing Guidelines clearly put the burden of proof on a defendant to show acceptance of responsibility. *See* 988 F.2d at 646. The court also reasoned that, since a probation officer's findings contained in a PSR are only recommendations, all parties are on notice that the district court may accept or reject them. *See Patrick*, 988 F.2d at 646.

While the *Patrick* opinion specifically addressed the reduction for acceptance of responsibility, we believe the opinion's reasoning on this last point applies equally to the district court's failure to give notice that it intended to reject the PSR's recommendation against imposing the two-point

136

enhancement for obstruction of justice. Again, as noted by the court in *Patrick*, the probation officer's recommendations contained in a PSR "are just that—recommendations." 988 F.2d at 646. It is the sentencing judge who must determine what the facts are and whether those facts warrant imposing any adjustment in a defendant's offense level. *See* Fed.R.Crim.P. 32(b)(6)(D) ("... the court *may*, at the [sentencing] hearing, accept the presentence report as its findings of fact").

Furthermore, requiring a sentencing judge to give advance notice any time the judge intends to impose an obstruction of justice enhancement that is not recommended in the PSR could result in unnecessary and perhaps lengthy delays in sentencing. In particular, circumstances may change between the drafting of a PSR and the sentencing hearing. Also, the obstruction of justice enhancement often is applied by district courts upon a finding that a defendant has appeared and offered misleading or even false evidence at sentencing. In such a case, we do not believe a sentencing judge should be required to continue the sentencing to allow for advance notice that he intends to find that the defendant's own actions amount to an obstruction of justice warranting the two-point increase in offense level.

■ Based on the above-stated reasons, we reject Long's argument that the district court in this case erred by failing to give him advance notice of its intention to reject the recommendations contained in the PSR.

■ We also find that the record below supports the district court's finding as to the adjusted offense level. Long argues that his case should be remanded for re-sentencing to allow him to offer evidence to support his claim that he was advised by an attorney that he could legally possess firearms. We believe that remand is un-

necessary because the district court's rejection of the acceptance of responsibility reduction and imposition of the obstruction of justice were based on two separate findings. In addition to its disbelief of Long's claims that he had been advised that he could legally possess a firearm, the district court also found "incredible" Long's claim that he possessed these firearms for hunting purposes. The district court's finding on this issue is supported by the record.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.