**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dennis McCARTHY, Defendant–
Appellant.**

No. 01–5957.

United States Court of Appeals,
Sixth Circuit.

Oct. 21, 2002.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

Dennis McCarthy, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction for distributing cocaine in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 11, 2000, McCarthy pleaded guilty to the cocaine charge pursuant to a written plea agreement. In the subsequent presentence investigation report (PSR), a federal probation officer determined that McCarthy was a career offender and recommended that McCarthy receive a three point reduction in offense level for acceptance of responsibility. McCarthy objected to the career offender determination, asserting that the PSR incorrectly stated that he had served time on a 1979 conviction within fifteen years of the instant offense due to parole revocation. *See* USSG § 4A1.2(e)(1). McCarthy denied that he had received a preliminary or final parole revocation hearing or the assistance of counsel. After lengthy sentencing proceedings and review of the parole revocation record, the district court concluded that McCarthy had received parole hearings with the assistance of counsel, that McCarthy intentionally gave false testimony at sentencing concerning the parole revocation, and that McCarthy therefore was not entitled to a reduction in offense level for acceptance of responsibility. As a result, McCarthy's offense level was 32, his criminal history category was VI, and the guidelines range of imprisonment was 210 to 262 months. McCarthy was sentenced at the bottom of the range to 210 months in prison.

McCarthy argues on appeal that the district court erred in determining that he intentionally gave false testimony at sentencing and by considering the false

testimony to be relevant conduct for the purpose of determining his acceptance of responsibility.

A district court's denial of a reduction in offense level for acceptance of responsibility is entitled to great deference. *United States v. Jeter*, 191 F.3d 637, 638 (6th Cir.1999); USSG § 3E1.1 comment. (n.5). The determination generally is a question of fact that "enjoys the protection of the clearly erroneous standard, and will not be overturned unless it is without foundation." *United States v. Morrison*, 983 F.2d 730, 732 (6th Cir.1993). "Whether the Guidelines have accurately been applied to a particular set of facts, however, is reviewed de novo." *United States v. Bennett*, 170 F.3d 632, 640 (6th Cir.1999).

First, review of the transcript shows no clear error in the district court's finding that McCarthy intentionally gave false testimony. At the beginning of the sentencing proceedings, McCarthy said that he had "never" received a preliminary hearing, final hearing, or notice of the outcome of any parole revocation proceedings (as to the 1979 conviction), and that he had believed he was in jail (in 1987) on a new charge. The district court continued the proceedings to permit the parties to gather evidence on whether McCarthy had received any notice prior to his parole revocation. Prior to the continuation of proceedings, the government submitted to the district court the parole violation arrest warrant application, the preliminary revocation hearing form signed by McCarthy, the report of the preliminary interview, the attorney-witness election form signed by McCarthy, the revocation hearing summary, and the final notice of action of parole revocation. When sentencing resumed, McCarthy acknowledged that certain documents contained his signature and those of his attorneys, but he still maintained that he had no recollection of

any of the parole revocation proceedings. The district judge summarized his disbelief of McCarthy, stating:

> A defendant, as he knows and was reminded, can remain silent, doesn't have to testify about things he doesn't know about, but a defendant who falsely denies relevant conduct, and this is clearly relevant conduct, has acted inconsistent with acceptance of responsibility, and I can come to no other conclusion tha[n] he falsely denied this particular aspect of it.
>
> ... I think this is something that he did remember, could have remembered, should have remembered, and if he wasn't sure, should have said he wasn't sure. He didn't do that. He unequivocally said that no hearing had occurred and that he wasn't represented by counsel, both of which are not true.

(Sent.Tr., Vol.II, pp. 49–50).

Second, the district court properly determined that McCarthy's lies were relevant conduct for the purpose of determining his acceptance of responsibility. When considering whether a defendant should receive a credit for acceptance of responsibility, the Guidelines advise that:

> [e]ntry of a plea of guilty prior to the commencement of the trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 ... will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

USSG § 3E1.1, comment. (n.3). Relevant conduct is defined as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully

caused by the defendant and ... that occurred during the commission of the offense of conviction, in preparation for that offense, *or in the course of attempting to avoid detection or responsibility for that offense.*" USSG § 1B1.3(a)(1)(A) (italics added). McCarthy's lies constituted relevant conduct because they were an attempt to avoid full responsibility for the instant offense. Had McCarthy succeeded in convincing the district court that he was not a career offender, he would have received a much lower sentence. Before applying the career offender enhancement pursuant to USSG § 4B1.1, the probation officer calculated McCarthy's offense level as 12 and his criminal history category as IV, which would have resulted in an imprisonment range of 21 to 27 months.

Accordingly, the district court's judgment is affirmed.