NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0726n.06

No. 13-2347

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 16, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,          )
                                   )
        Plaintiff-Appellee,        )
                                   )    ON APPEAL FROM THE UNITED
v.                                 )    STATES DISTRICT COURT FOR
                                   )    THE WESTERN DISTRICT OF
EMMANUEL NATHANIEL BUTLER,         )    MICHIGAN
                                   )
        Defendant-Appellant.       )


BEFORE: GUY, ROGERS, and DONALD, Circuit Judges.


PER CURIAM. Emmanuel Nathaniel Butler appeals his sentence.

Butler pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and the district court sentenced him to 70 months in prison. We vacated the sentence and remanded for resentencing because the district court miscalculated Butler's criminal history category. On remand, the district court determined that, based on his total offense level of 20 and criminal history category of V, Butler's guidelines range of imprisonment was 63 to 78 months. The court sentenced him to 65 months in prison.

On appeal, Butler argues that the district court erred by refusing to reduce his total offense level under USSG § 3B1.2 based on his minimal or minor role in the bank robbery. We review for clear error a district court's denial of a mitigating role adjustment under § 3B1.2. *United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010). To obtain such an adjustment, a defendant must show, at a minimum, that he is less culpable than most of the other individuals

who were involved in the criminal conduct. *United States v. Solorio*, 337 F.3d 580, 601-02 (6th Cir. 2003).

The district court did not clearly err by denying Butler's request for a mitigating role adjustment. The record before the district court showed that Butler and his accomplice agreed to rob the bank, Butler drove the getaway car for the robbery, and Butler received approximately half of the stolen money. Based on those facts, the district court could reasonably conclude that Butler was not less culpable than the other individual who participated in the robbery. *See United States v. Lowery*, 60 F.3d 1199, 1202 (6th Cir. 1995); *see also United States v. Patton*, 14 F. App'x 450, 455 (6th Cir. 2001).

Accordingly, we affirm Butler's sentence.