UNITED STATES of America,
Plaintiff–Appellee,

v.

Bennie Frank CALLOWAY, a/k/a Bobby Beasley; a/k/a Bobby Biluse,
Defendant–Appellant.

No. 99–6731.

United States Court of Appeals,
Sixth Circuit.

June 21, 2001.

Before JONES, SUHRHEINRICH and DAUGHTREY, Circuit Judges.

PER CURIAM.

Defendant Bennie Frank Calloway appeals several aspects of the sentenced imposed, following his conditional guilty plea to a conspiracy to distribute crack cocaine, in violation of 18 U.S.C. § 846.

I.

Agents of the Tennessee Bureau of Investigations arrested Calloway on June 30, 1999. On July 1, 1999, Calloway and another codefendant were brought before a United States magistrate judge. At that time, Calloway identified himself as Bobby Beasley, which he spelled "Biluse." The real Bobby Beasley is Calloway's uncle. Unlike Calloway, Beasley has no prior record. Calloway also told the magistrate judge that he was born in October 1942. Calloway was actually born on December 12, 1955. On September 10, 1999, Calloway pleaded guilty to one count of conspiracy to distribute crack cocaine.

The district court calculated Calloway's base offense at 32, pursuant to U.S.S.G. § 2D1.1(c)(4), and added two points for obstruction of justice pursuant to § 3C1.1, for a total offense level of 34. Calloway's criminal history points were calculated at

13, which placed him in criminal history category of 6. This resulted in a guideline range of 262 months to 327 months. The district court sentenced Calloway on December 10, 1999, to 262 months imprisonment, followed by a five years of supervised release and a special assessment of $100.00.

## II.

■ Calloway argues that the district court erred in adding two points for obstruction of justice because he gave a false name to Pretrial Services and the magistrate judge. Calloway argues that the enhancement is unfair because neither the Government nor the magistrate judge were deluded and the deception was only for a short period of time, from his arrest on July 30 to rearraignment on September 10, 1999. This claim fails. Under U.S.S.G. § 3C1.1, a two point enhancement is warranted if the defendant willfully obstructed "or attempted to obstruct or impede" the administration of justice. U.S.S.G. § 3C1.1 (1998); *see United States v. Wilson*, 197 F.3d 782, 784 (6th Cir.1999).

■ Calloway also challenges his career offender status. He claims that his second conviction for armed robbery in 1988 does not count because he received a sentence of split confinement, and served only 11 months, 29 days, followed by five years of probation. We reject this argument. The test for "prior felony conviction" is a "prior conviction for an offense *punishable* by death or term of imprisonment exceeding one year ... regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, cmt. n. 1 (1998). Calloway's robbery conviction counted as a predicate conviction because it was punishable by five years.

Lastly, Calloway claims that his 262 month sentence amounts to cruel and unusual punishment. The United States Attorney concedes that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), may apply here, and require resentencing. We therefore REMAND to the district court to consider the effect, if any, of *Apprendi* on Calloway's sentence.