**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis Charles DEMPSEY,**
**Defendant–Appellant.**

No. 00–1126.

United States Court of Appeals,
Sixth Circuit.

Dec. 19, 2001.

Before RYAN and BATCHELDER, Circuit Judges; and LAWSON, District Judge.*

LAWSON, District Judge.

The defendant, Dennis Charles Dempsey, challenges on appeal the lower court's calculation of his offense level under the United States Sentencing Guidelines. Dempsey contends that the sentencing judge erred by refusing to allow a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). We affirm.

## I.

Dempsey was convicted upon his plea of guilty to attempted possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The events which led to his conviction began in May 1999 when co-defendant Alejandro Ledon–Lopez contacted Dempsey about purchasing his Jeep, and offered to exchange fifteen pounds of marijuana for the vehicle. According to the undisputed facts contained in the presentence report, Dempsey refused the offer and set his sale price at $7,000 in cash.

Ledon–Lopez persisted in the negotiations, offering various quantities of marijuana in exchange for the use of the Jeep for a week at a time and offering to extend credit to Dempsey for future sales of marijuana. Dempsey did not want to lend his Jeep, but responded that he would be willing to lower his cash sale price in exchange for marijuana. As the negotiations developed, Ledon–Lopez became interested in Dempsey's truck, and Dempsey offered to sell both vehicles for $10,000 in cash and an undetermined quantity of marijuana.

In June 1999, Ledon–Lopez was arrested by the Michigan State Police during a drug investigation. His pager was seized from him during the arrest. Dempsey attempted to page Ledon–Lopez while he was in custody and law enforcement personnel responded to the page, reaching a woman who identified herself as "Dennis' girlfriend." On June 16, 1999, an agent from the Immigration and Naturalization Service posing as a marijuana dealer then reached Dempsey by telephone. Dempsey inquired if "the deal was still for ten and if the price was still seven hundred." The agent confirmed the deal and arranged a meeting for the next day. The agent asked Dempsey how long it would take him to "move the ten," and Dempsey responded, "four to seven would be reasonable."

On June 17, 1999, Dempsey arrived at the rendevous point and was arrested. He was indicted by a grand jury along with Ledon–Lopez and others in two counts of a four-count indictment. Count one charged Dempsey and the other defendants with conspiracy to distribute and possess with intent to distribute marijuana. Count three charged attempted possession of marijuana with intent to distribute.

Dempsey entered a guilty plea on September 20, 1999 to count three of the indictment pursuant to a Rule 11 plea agreement. In the written plea agreement, the government promised to seek a dismissal of count one of the indictment, and "to recommend that the defendant receive credit for acceptance of responsibility in computing his sentencing guidelines." J.A. at 26. The parties further stipulated pursuant to U.S.S.G. § 6B1.4 that the amount of marijuana to be used to calculate the offense level was ten pounds,

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

or 4.5 kilograms. The record before this Court does not contain Dempsey's factual statement at the plea hearing of his involvement in the offense. However, the lower court accepted the guilty plea, took the Rule 11 agreement under advisement, and referred the matter to the probation department for a presentence investigation and report.

According to the presentence report, Dempsey, accompanied by his attorney, met with the probation officer on September 12, 1999.[1] At that time, Dempsey said that he had no knowledge of the conspiracy charged in count one of the indictment, his involvement in the offense was limited to his one-time possession attempt in June 1999, and his motivation was to make some money to pay debts owed to family and friends. He denied knowing any of the co-defendants except Ledon–Lopez and Fernando Alvarez. Dempsey also furnished a written statement to the probation officer as follows:

> I know that I did wrong because I took on the responsibility to go forward with doing a deal with these guys who [sic] I knew was [sic] related with drugs. But Not guilty to possess 10 pounds or even close.

J.A. at 85.

The probation officer submitted a report in which he calculated Dempsey's base offense level at 12 pursuant to U.S.S.G. § 2D1.1(c)(14) based on the stipulated quantity of marijuana. He recommended that the offense level *not* be adjusted for acceptance of responsibility because "Mr. Dempsey's statement, combined with his failure to admit relevant conduct, give the appearance that he has not accepted responsibility for his offense. Mr. Dempsey has not expressed remorse for his actions and does not appear to be sincere in his admission of guilt." J.A. at 85. Dempsey's criminal history placed him in Category II, yielding a guideline sentence range of 12 to 18 months. The defendant timely objected to the denial of an acceptance of responsibility adjustment.

Meanwhile, on January 11, 2000, the government filed a motion to revoke Dempsey's bond alleging that he violated bond conditions by failing to appear for urine drug screens on five separate occasions since August 12, 1999, and he likewise failed to attend an initial mental health evaluation appointment as directed by the probation officer after the guilty plea hearing, was late for the rescheduled appointment and left before testing was complete, and then missed the next rescheduled appointment. The lower court ordered bond revoked on January 12, 2000.

The lower court conducted a sentencing hearing on January 12, 2000. Dempsey's attorney argued that Dempsey should receive a two-level downward adjustment for acceptance of responsibility. The Assistant United States Attorney declined the opportunity to comment on the issue. The sentencing judge overruled the defendant's objection and held that Dempsey was not entitled to the two-level downward adjustment because his statements to the probation investigator minimized his involvement with the marijuana distribution attempt and understated the quantity, and his failure to submit to drug screens inferred his continuing use of marijuana. The judge also noted the defendant's defiance of the directive to participate in mental health counseling. The defendant was then sentenced to 18 months in custody followed by a three-year term of supervised release, a $3,000 fine and a $100 special assessment.

---

**1.** The Court assumes this date is listed in error in the presentence report because it *precedes* the guilty plea hearing by eight days, and September 12, 1999 was a Sunday.

## II.

Application Note 5 to U.S.S.G. § 3E1.1 states:

The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.

Accordingly, we will not overturn a sentencing judge's factual determinations unless they are clearly erroneous. *United States v. Bradshaw*, 102 F.3d 204, 214 (6th Cir.1996). We review the lower court's application of law to fact under the same standard. *See Buford v. United States*, 532 U.S. 59, 121 S.Ct. 1276, 1281, 149 L.Ed.2d 197 (2001). A finding is clearly erroneous when, although there may be some evidence to support the finding, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wilson*, 197 F.3d 782, 786 (6th Cir.1999) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). However, when the question under review consists solely of a legal determination involving undisputed facts, we will review the decision of the sentencing court *de novo*. *United States v. Jeter*, 191 F.3d 637, 638 (6th Cir.1999).

■ The text of U.S.S.G. § 3E1.1(a) instructs, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." In order to receive this adjustment, the defendant must clearly demonstrate his acceptance of responsibility for the offense of conviction and relevant conduct by a preponderance of the evidence. *United States v. Morrison*, 983 F.2d 730, 733, 735 (6th Cir.1993). Thus, a defendant who pleads guilty is not automatically entitled to the adjustment solely by virtue of his or her guilty plea. *United States v. Wilson*, 197 F.3d 782, 787 (6th Cir.1999).

■ Application Note 1 to § 3E1.1 sets forth eight factors for the court to consider in deciding to apply this adjustment. Among them are the truthful admission of the conduct constituting the offense of conviction and additional relevant conduct, voluntarily terminating criminal conduct, rehabilitative efforts following the offense, and the timeliness in manifesting acknowledgment of responsibility. The sentencing court need not make findings on each of these items.

■ According to the Commentary, a timely guilty plea is a factor which weighs heavily in favor of allowing the adjustment. Application Note 3 states that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable ... will constitute significant evidence of acceptance of responsibility for the purpose of [§ 3E1.1(a)]." Thus, although, as we have said, the entry of a timely and forthright guilty plea does not of itself warrant a downward adjustment for acceptance of responsibility, as a general rule the adjustment should not be denied in such circumstances without a good reason. We noted in *United States v. Jeter*,

Although district courts need a great deal of discretion when making sentencing determinations, we must require of district courts a level of consistency in sentencing defendants. If we permit different judges to disregard the guidelines and accept various events as triggering the critical date for evaluating acceptance of responsibility, we will not achieve this level of consistency.

.    .    .    .    .

Despite our hesitancy to adopt a bright-line rule in the case of a guilty plea, we require that there be some conduct that the court can find is inconsistent with that specific acceptance of responsibility referred to in the Commentary, namely the acceptance of the guilty plea.

191 F.3d at 640–41.

Among the reasons which we have found to adequately support a sentencing court's denial of an acceptance of responsibility adjustment to a guilty-pleading defendant is the continuation of criminal activity evidenced by continued use of controlled substances by a defendant whose conviction involved a drug crime. In *United States v. Walker*, 182 F.3d 485 (6th Cir.1999), we affirmed the sentencing judge's decision refusing an acceptance of responsibility adjustment due to the defendant's positive drug screens while on bond awaiting sentence for a controlled substance violation, because the evidence thus established the defendant's continued involvement in controlled substance offenses. We reached the same conclusion in *United States v. Zimmer*, 14 F.3d 286 (6th Cir.1994).

We have also affirmed the denial of an acceptance of responsibility reduction to a defendant when, although entering a guilty plea and acknowledging the elements of the crime, the defendant denied or frivolously contested the amount of controlled substances for which he was accountable and the scope of his involvement in the criminal enterprise. *United States v. Mahaffey*, 53 F.3d 128, 134–35 (6th Cir.1995).

■ We note in passing that the government did not weigh in on this issue at the sentencing hearing, as it promised to do in the plea agreement by recommending an acceptance of responsibility adjustment. We need not assess the effect of the government's breach of the plea agreement on the trial court's decision in this case, however, because the defendant did not raise this issue on appeal. *See Elzy v.*

*United States*, 205 F.3d 882, 884 (6th Cir. 2000). Rather, the defendant contends that he should have received the two-level downward adjustment because he acknowledged all of the elements of the crime, and his statement to the probation officer contained an admission of guilt and demonstrated his remorsefulness for his involvement in criminal activity. He also notes that he never actually received ten pounds of marijuana, but only had a "loose agreement" to receive it and in fact was convicted of an attempt. He also contends that his failure to submit to drug analysis resulted from his Attention Deficit Disorder and his "inability to focus on his priorities and appointments," not on any concern about the results which the tests might reveal.

The defendant presented these arguments to the sentencing judge, who rejected them. We find that the lower court's factual determinations are fully supported by the record and the reasonable inferences that can be drawn therefrom. Although the defendant in this case did enter a timely guilty plea, he refused to accept responsibility for his attempt to obtain and distribute ten pounds of marijuana. The evidence showed that he participated in negotiations to obtain that quantity, and fully expected to receive delivery of it and to "move" it within "four to seven" weeks. In addition, the lower court could properly infer that the defendant was continuing to use marijuana while on bond because he failed to submit to urine drug screens on multiple occasions both before and after he entered his guilty plea and while awaiting sentence. The sentencing court's inference that disobedience of this bond condition suggested continued use is reasonable and supported by the record. Finally, the defendant virtually disregarded the probation officer's direction to obtain mental health testing. "[P]ost-offense rehabilitative efforts" may be properly considered by the sentencing court in determining

whether an acceptance of responsibility adjustment should be allowed according to U.S.S.G. § 3E1.1, Application Note 1(g).

### III.

The lower court properly determined that the defendant did not meet his burden of demonstrating by a preponderance of the evidence that he accepted responsibility for his offense. Despite his guilty plea, the defendant's conduct provided the lower court with good reason to refuse the acceptance of responsibility adjustment. The lower court's refusal to adjust the base level downward under § 3E1.1(a) was not clearly erroneous. Accordingly, the defendant's sentence as imposed by the lower court is

**AFFIRMED.**