NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0096n.06

No. 20-2083

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Mar 03, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| TAMARA MONIQUE NELSON, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BATCHELDER, NALBANDIAN, and READLER, Circuit Judges.

PER CURIAM. Tamara Monique Nelson appeals her 139-month sentence for her participation in a cocaine-trafficking conspiracy. As set forth below, we **AFFIRM** Nelson's sentence.

Nelson pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Nelson's brother, Howard Mayfield, was the ringleader of the conspiracy, which involved dozens of participants and resulted in the distribution of more than 100 kilograms of powder and crack cocaine in southwest Michigan from 2017 to 2018.

The initial presentence report held Nelson responsible for 7.085 kilograms of cocaine and 4.5 ounces of cocaine base. Nelson challenged the drug quantity attributed to her, asserting that she should be held accountable for 2 kilograms plus .5 ounces of cocaine, and requested a two-level reduction for her mitigating role as a minor participant in the conspiracy. The final

presence report continued to hold Nelson responsible for 7.085 kilograms of cocaine and 4.5 ounces of cocaine base, declined to give her a mitigating-role adjustment because she was more than a minor participant in the conspiracy, and declined to give her a reduction for acceptance of responsibility because, in challenging the drug quantity, she frivolously denied charged and relevant conduct. In her sentencing memorandum, Nelson objected to the drug quantity attributed to her and claimed entitlement to the mitigating-role adjustment and the acceptance-of-responsibility reduction. The government's sentencing memorandum asserted that Nelson should be held responsible for more than 15 kilograms of cocaine rather than the lower drug quantity set forth in the presence report.

At sentencing, the government called two witnesses and presented other evidence to address Nelson's objections. After considering this evidence and the parties' arguments, the district court agreed with the government and found by a preponderance of the evidence that Nelson was responsible for more than 15 kilograms of cocaine. The district court also denied Nelson's requests for a mitigating-role adjustment and an acceptance-of-responsibility reduction. The district court calculated the resulting guidelines range as 151 to 188 months of imprisonment based on a total offense level of 32 and a criminal history category of III. Granting a downward variance from that range based on Nelson's community service, the district court sentenced her to 139 months of imprisonment and six years of supervised release.

This timely appeal followed. Nelson argues that the district court erred in (1) failing to award her an acceptance-of-responsibility reduction and (2) failing to award her a mitigating-role adjustment. Nelson does not challenge the drug quantity attributed to her.

Nelson first argues that the district court erred in denying her a reduction for acceptance of responsibility. The Guidelines provide for a two-level decrease in a defendant's offense level "[i]f

the defendant clearly demonstrates acceptance of responsibility for [her] offense." *See* U.S.S.G. § 3E1.1(a); *see also United States v. Bacon*, 617 F.3d 452, 458 (6th Cir. 2010) (defendant must demonstrate acceptance of responsibility by a preponderance of the evidence). We review for clear error the district court's factual determination that a defendant has not accepted responsibility. *United States v. Coss*, 677 F.3d 278, 290 (6th Cir. 2012). Because the district court "is in a unique position to evaluate a defendant's acceptance of responsibility," the district court's determination "is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n.5.

In determining whether a defendant has accepted responsibility, the district court may consider whether the defendant truthfully admits the offense conduct and truthfully admits or does not falsely deny "any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1 cmt. n.1(A). Although "a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction," a "defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.*

In challenging the drug quantity attributed to her, Nelson claimed that most of her drug transactions with Mayfield involved marijuana for personal use rather than cocaine for distribution purposes. Nelson argues on appeal that her objection to the drug quantity was based on the evidence in the record and therefore did not preclude a reduction for acceptance of responsibility. Contrary to Nelson's assertion on appeal, the government did not claim that every transaction between her and Mayfield during the course of the conspiracy was related to cocaine or cocaine base. The government instead presented evidence, primarily intercepted phone calls between Nelson and Mayfield, linking specific amounts of cocaine to Nelson. DEA Task Force Officer

Joseph Young testified that Nelson and Mayfield used coded language when discussing cocaine and not when discussing marijuana and that they referred to quantities and prices consistent with distributing cocaine and not marijuana. The district court found that the evidence that these transactions involved cocaine rather than marijuana was "overwhelming" and "not even close" and that Nelson frivolously denied relevant conduct. (R. 1370, Sentencing Tr. 80, PageID 15472). We can discern no clear error in the district court's findings.

The district court specifically found that Nelson's claim that a text exchange about "a load of white cloths" was actually about laundry was "ridiculous" and did not "meet the laugh test." (*Id*. at 71, 81, PageID 15463, 15473). Nelson asserts on appeal that she shared a domestic relationship with Earnest Gibbs, the recipient of those texts, and regularly did his laundry. After texting Gibbs about "need[ing] a load of white cloths," Nelson texted, "I took care of that load," followed by, "I just gave them what I had left. They was headed out of town." (*Id*. at 38, PageID 15430). Officer Young testified that "a load of white cloths" referred to an ounce of cocaine. (*Id*. at 38-39, PageID 15430-31). Based on the full text exchange and Officer Young's testimony, the district court did not clearly err in finding that the texts referred to cocaine and that Nelson frivolously asserted otherwise.

"We have also affirmed the denial of an acceptance of responsibility reduction when . . . the defendant denied or frivolously contested the amount of controlled substances for which he was accountable . . . ." *United States v. Dempsey*, 26 F. App'x 464, 468 (6th Cir. 2001) (citing *United States v. Mahaffey*, 53 F.3d 128, 134–35 (6th Cir. 1995)). It was not clear error for the district court to deny Nelson an acceptance of responsibility reduction for that same reason. *See United States v. Anderson*, 616 F. App'x 770, 777 (6th Cir. 2015).

Nelson next argues that the district court erred in denying her a mitigating-role adjustment. As with acceptance of responsibility, Nelson bore the burden of proving a mitigating role by a preponderance of the evidence. *United States v. Hill*, 982 F.3d 441, 444 (6th Cir. 2020). We review for clear error the district court's determination. *Id.* The mitigating-role adjustment is designed for "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). The determination whether to apply a mitigating-role adjustment "is based on the totality of the circumstances" and "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(C). A four-level reduction applies to "minimal" participants—"defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.3 cmt. n.4. Nelson requested a two-level reduction for being a "minor" participant—"a defendant . . . who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5.

In denying Nelson's request for a mitigating-role adjustment, the district court found that, based on the totality of the evidence, she was an average participant in the conspiracy. Nelson acknowledges that only seven co-defendants—out of more than two dozen—were held responsible for a greater quantity of drugs and that, "[l]ooking only at drug quantity, the court's determination that [she] was an average participant might seem reasonable." (Appellant's Br. at 16). Nelson also concedes that she "knew a lot about the conspiracy because her brother told her a lot of information." (*Id*. at 8). Nelson argues that, despite her knowledge about the conspiracy, she did not exercise any decision-making authority, did not plan or organize any drug transactions, and did not exercise any discretion in performing her activities related to the conspiracy. But the government showed that Nelson knew about and received updates on Mayfield's trips to obtain

kilogram quantities of cocaine, that she accompanied Mayfield on one of those trips, that she contributed to those trips by providing money and by loaning her daughter's car, and that she distributed portions of the cocaine obtained on those trips.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (setting forth a non-exhaustive list of factors).  Nelson has not demonstrated that the district court clearly erred in denying her request for a mitigating-role adjustment on the basis that she was an average participant in the conspiracy. *See United States v. Daneshvar*, 925 F.3d 766, 790 (6th Cir. 2019) (explaining that the minor participant reduction "is available only to a party who is . . . substantially less culpable than the average participant" (citation omitted)).

For these reasons, we **AFFIRM** Nelson's sentence.